IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
MAR 15 2013
JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

**Winchester Auto Retail, Inc.**
P.O. Box 37
Main Street
Marshall, Virginia 20116

  Plaintiff,

v.

**PHILLIPS LYTLE, LLP and
CRAIG A. LESLIE, ESQUIRE**
3400 HSBC Center
Buffalo, NY 14203

  Defendant.

**Verified Complaint
With Jury Demand
Index No. 5:13CV00027**

## COMPLAINT

COMES NOW the Plaintiff, Winchester Auto Retail, Inc. and states in and for its complaint against the Defendants named herein and allege as follows:

### JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332 since the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

### PARTIES

2. The Plaintiff, Winchester Auto Retail, Inc. is a Virginia Corporation, engaged in the business of automotive sales and rental, having had its principal place of business located at 1850 Valley Avenue, Winchester, Virginia.

3. Upon information and belief, defendant **PHILLIPS LYTLE LLP** is a New York limited liability partnership formed for the practice of law having a place of business at 3400 HSBC Center, Buffalo, New York 14203 and does not maintain a registered agent

4. Upon information and belief defendant, **MR. CRAIG A. LESLIE** is an individual partner/associate at defendant **PHILLIPS LYTLE** having a place of business at 3400 HSBC Center, Buffalo, New York 14203.

## FACTUAL BACKGROUND

5. The Defendants represent themselves as experts in auto dealership foreclosure. See http://www.phillipslytle.com/PracticeDetail.aspx?id=171.

6. As self-professed experts, the Defendants knew or should have known the legal procedure necessary for automobile replevin, specifically New York Civil Procedure Law and Rules ("CPLR") Article 71.

7. Bentley Holdings, Inc. d/b/a Automotive Fleet Leasing Co. ("AFL") is a New York corporation having a mailing address of P.O. Box 104, Model City, New York 14107. AFL provided fleet automobile financing to Winchester.

8. MPDK LLC. d/b/a Adobe Car & Truck Rental of Tucson is an Arizona limited liability automobile rental company having its principal place of business at 3150 East Grant Street, Tucson, Arizona 85716.

9. McCarthy Acquisition Corporation d/b/a McCarthy Ford was an auto dealership located at 900 Maple Road, Elma, New York.

10. On October 16, 2006, Adobe and plaintiff Winchester purchased eight (8) and nine (9) automobiles, respectively, from McCarthy Ford; all seventeen (17) vehicles

("Vehicles") were financed by and subject to the security interest of AFL.

11. Plaintiff Winchester paid the sum of $ 395,000 for the nine vehicles it purchased.

12. On October 20, 2006, Ford Motor Credit Company LLC fka "Ford Motor Credit Company ("FMCC") issued an Incident Report, a copy of which is attached hereto as Exhibit A, wherein it explicitly noted that McCarthy Ford had sold eighty-eight (88) vehicles (including subject Vehicles) out-of-trust. FMCC alleged that McCarthy Ford failed to pay to FMCC the proceeds on the sale of said vehicles. That condition is commonly referred to in the automobile business as "Sold Out of Trust" or "SOT".

13. Upon information and belief, McCarthy Ford retained the proceeds from the sale of the Vehicles to offset amounts it believed it was owed pursuant to the "verbal buyout offer" referred to in the Incident Report.

14. By complaint dated April 2, 2007 (the "Complaint"), FMCC commenced an action against McCarthy Acquisition Corporation, Anthony T. McCarthy and Bernadette McCarthy (collectively the "McCarthy Defendants") in connection with certain "floor plan financing" at McCarthy Ford. The Complaint is attached hereto as Exhibit B.

15. In the Complaint, FMCC alleged default by McCarthy Ford in the floor plan financing, default by the McCarthy Defendants in connection with personal guaranties of payment thereof and sought money damages and access to collateral securing the floor plan obligation.

16. As experts in automobile dealership foreclosure, the Defendants knew that the collateral securing the floor plan financing included, *inter alia*, only those vehicles in the dealer's possession and could not include any vehicles that had been sold. The Defendants

knew that once a vehicle was sold, it was no longer part of the dealer's inventory and its security interest in said vehicle, was extinguished (since pursuant to the agreement, after the sale the security interest attached to the proceeds of the sale).

17. Nevertheless, by an order to show cause dated April 2, 2007, the Defendants moved pursuant to CPLR Article 71 for an order of seizure of collateral that it knew wrongfully included the Vehicles.

18. Having been misled by the Defendants, the Court granted FMCC's motion and an order for seizure was issued on April 2, 2007.

19. Prior to the seizure, in her May 24, 2007 letter to counsel for the McCarthy Defendants, Phillips Lytle attorney, Ms. Dickinson "...require[d] information regarding nine (9) vehicles..." The May 24, 2007 letter from Ms. Dickinson to Mr. William Savino of Damon & Morey, LLP (previous counsel to the McCarthy Defendants) is attached hereto as Exhibit C.

20. In his June 11, 2007 letter responding to Ms. Dickinson, Mr. Oliverio, attorney for the McCarthy Defendants, provided the information required by Phillips Lytle. Mr. Oliverio's June 11, 2007 letter to Ms. Dickinson is attached hereto as Exhibit D.

21. The information in Mr. Oliverio's June 11, 2007 letter included vehicle purchase agreements and New York State Department of Motor Vehicles Retail Certificate of Sale (MV-50's) that definitively proved that Adobe and Winchester owned the Vehicles and that AFL had the only security interest in said Vehicles.

22. In New York, the proof of ownership for a new vehicle is the Manufacturer's Certificate of Origin (MCO) or the Manufacturer's Statement of Origin (MSO) and form MV-50 (Dealer's Bill of Sale). New York State Vehicle and Traffic Law Article 46, see

New York Department of Motor Vehicles website http://www.dmv.ny.gov/proove.htm.

23. Despite knowing that FMCC had no right to the Vehicles, by motion brought on by order to show cause dated July 20, 2007, the Defendants deceived the Court and, thereby obtained an order granting FMCC, among other things, custody of the Vehicles being stored at 8735 Packard Road, Niagara Falls, NY and the right to remove them to a secure location until a hearing regarding the disposition thereof could be held. The July 20, 2007 order to show cause and affidavits in support thereof dated July 20, 2007 by Mr. Craig A. Leslie, Esq. and Mr. Kenneth Kiesman are hereto as E.

24. The Defendants moved under CPLR Article 71, Recovery of a Chattel. Pursuant to §7102(c)(6), an application for an order for seizure *must* be accompanied by an affidavit that no defense is known to the plaintiff.

25. Since just thirty-nine (39) days prior thereto the Defendants had received Mr. Oliverio's letter of June 11, 2007 which proved that the Vehicles were owned by Adobe and Winchester, the Defendants had actual knowledge of defenses to FMCC's claim to right of possession to the Vehicles when it made application for seizure on July 20, 2007.

26. Although the Defendants knew that they were required to disclose known defenses, their July 20, 2007 application purposefully omitted known defenses and, therefore, did not comply with the requirements of Article 71 of the CPLR regarding orders of seizure; however, it did result in the illegal seizure of the Vehicles as intended by Defendants.

27. Although the Defendants knew the identities and interests of Adobe, Winchester and AFL, they intentionally did not name them as parties until after the seizure because doing so would have frustrated their illegitimate scheme to obtain the Vehicles; the

Plaintiff, Adobe and AFL would have readily presented definitive proof to the Court proving that they, and not FMCC, were entitled to possession of the Vehicles.

28. Mr. Leslie's July 20, 2007 Affidavit was intended to and did deceive the Court into believing that the Vehicles were part of McCarthy Ford's "inventory" and, as such, constituted appropriate collateral subject to seizure under the terms of the floor plan security agreement. A copy of Mr. Leslie's July 20, 2007 Affidavit is attached hereto as Exhibit F.

29. Ultimately, Defendants' wrongful actions have caused an actual taking of Plaintiff's property without due process of law thereby violating Plaintiff's state and federal constitutional rights.

30. That incidental and consequential to the taking of the Plaintiff's property, but well known to the Defendants, as set forth above, deprived the Plaintiff of the use of the said vehicles in its business resulting in lost revenues in the amount of $ 583,200.

31. That ultimately the nine vehicles purchase by Plaintiff were sold at auction resulting in a loss to the Plaintiff of $ 978,200

### AS AND FOR A FIRST CAUSE OF ACTION
### [VIOLATION OF NEW YORK JUDICIARY LAW § 487]

32. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-28 hereof as if again set forth.

33. Defendants knew that pursuant to CPLR § 7102(c)(3), they were required to commence an action naming all parties known to have an interest in the Vehicles.

34. Defendants knew that pursuant to CPLR § 7102(c)(6), they were required to disclose all known defenses to FMCC's claims to the Vehicles.

35. Since they asked for and received purchase agreements and MV-50's, the Defendants had actual personal knowledge that the Plaintiff had effective defenses (conclusively proven by irrefutable documentary evidence consisting of purchase agreements and MV-50's) to FMCC's claims to the Vehicles.

36. With intent to deceive the Court in order to unlawfully acquire the Vehicles, Defendants purposefully omitted known defenses to FMCC's claims from their supporting affidavits.

37. An attorney's withholding of crucial information from a court falls within the proscription of New York Judiciary Law § 487. Stated differently, an attorney's concealment from a court of a fact he or she is required by law to disclose is tantamount to the assertion of a false material fact (*see Matter of Shearer*, 94 AD3d 128 [1st Dept 2012])

38. By failing to name known parties in interest and by failing to disclose known defenses, Defendants have violated New York's CPLR § 7102 and Judiciary Law § 487.

39. That pursuant to New York Judiciary Law § 487 Plaintiff is entitled to treble damages for a violation thereof, or damages in the amount of $ 2,934,600 .

## AS AND FOR A SECOND CAUSE OF ACTION
## [FRAUD]

40. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-35 hereof as if again set forth.

41. The Defendants misrepresented the circumstances surrounding ownership of

the Vehicles in papers presented to Plaintiff and to the Court.

42. The Defendants knew that the allegations of employees of defendant FMCC in support of the July 20, 2007 Order to Show Cause seeking an *ex parte* order of seizure of the Vehicles were false.

43. Notwithstanding knowing the falsity of the representations made in support of the July 20, 2007 application for an *ex parte* order of seizure, the Defendants proceeded for the purpose of inducing the Court and Plaintiff herein to rely upon misrepresentations therein.

44. Such acts were taken by the Defendants with intent to deceive the Court and the Plaintiff.

45. The Court and the Plaintiff justifiably relied upon the assertions of fact in the various affidavits submitted by the Defendants as officers of the court.

46. The Defendants continue to this day to misrepresent the circumstances surrounding ownership of the Vehicles to the Plaintiff and to the Courts.

47. As a result of Defendants' fraud upon the court, Plaintiff was damaged in an amount of $ 978,200 as set forth above,

48. Plaintiff hereby demands trial by jury.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

    a. Awarding Plaintiff damages in an amount of $ 2,934,600 ;

    b. Awarding Plaintiff attorneys fees and disbursements;

    c. Awarding Plaintiff costs and disbursements of this action;

    d. Awarding Plaintiff interest on damages from July 31, 2007;

    e. Awarding Plaintiff treble damages in accordance with Judiciary Law § 487;

and,

f.  Granting Plaintiff such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Patrick A. W. Cloud, President*

Patrick A. W. Cloud, President
Plaintiff Pro Se
Winchester Auto Retail, Inc.
P.O. Box 37
Main Street
Marshall, Virginia 20166
(703) 606-9907
