UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KEVIN R. McCARTHY, Chapter 7 Trustee
for Winchester Auto Retail, Inc.,

                    Plaintiff,


           v.                                          **ORDER**
                                                    13-CV–1092-A

PHILLIPS LYTLE LLP, and
CRAIG A. LESLIE, Esq.,

                    Defendants.


During a special joint status conference to address threshold issues in this

case and two related cases on January 17, 2014, the parties agreed to address

potential application of the *Rooker-Feldman*[1] doctrine in a filing due February 3,

2014.  A minute entry confirmed the agreement.  Dkt. No. 34.  The parties have

not complied with their agreement to address potential *Rooker-Feldman* doctrine

questions, however.

A party seeking to invoke federal subject matter jurisdiction ordinarily has

the burden of establishing subject matter jurisdiction by a preponderance of the

evidence.  *Morrison v. National Australia Bank Ltd.,* 547 F.3d 167, 170  (2nd Cir.

2008).  The Court raised questions concerning its subject matter jurisdiction

---

[1] The *Rooker–Feldman* doctrine provides that lower federal courts ordinarily lack subject matter jurisdiction to review judgments of state courts.  *See D. C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–83 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414–16 (1923).

in light of potential *Rooker-Feldman* doctrine questions in each of the related cases on its own during the January 17, 2014 joint status conference after none of the parties raised the potential questions in required pre-conference submissions because the Court has an obligation to "raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 131 S.Ct. 1197, 1202 (2011) (*citing Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)); *see* Fed. R. Civ. P. 12(h)(3) (the Court is to dismiss any action not within its subject matter jurisdiction). And whether the Court has subject matter jurisdiction is a question ordinarily to be resolved before the Court reaches the merits of a party's claims. *Robinson v. The Government of Malaysia*, 269 F.3d 133, 141 (2d Cir. 2001).

For these reasons, plaintiff Kevin R. McCarthy, Chapter 7 Trustee for Winchester Auto Retail, Inc., is ordered to file a memorandum due March 12, 2014 analyzing whether this action is outside the Court's subject matter jurisdiction as a impermissible collateral attack on matters under prior-pending state court appeal. *See generally, Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77 (2nd Cir. 2005); *Wolf v. Town of Southampton,* 2013 WL 4679672 (E.D.N.Y. 2013). Failure to comply with this Order may result in dismissal of the action, with prejudice. Plaintiff may refer to matters outside the pleadings. *See e.g.*, *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Although no party addressed potential application of the *Rooker-Feldman*

2

doctrine before the special status conference or in the agreed upon filings due February 3, 2014, defendants Phillips Lytle LLP and Craig A. Leslie, Esq., allege in an Answer filed January 31, 2014, Dkt. No. 35,  an affirmative defense that the "action is an impermissible collateral attack on proceedings that remain pending in another court." *Id.* at ¶ 65.  In context, defendants Phillips Lytle's and Leslie's collateral-attack defense seems to raise the question whether prior-pending state appeal of issues involving claims and potential claims against defendants now partially pending before this Court in *Thomas J. Peroni, et al., v. Ford Motor Credit Company LLC*, 13-CV-1213, or related to issues under prior-pending state appeal in *Ford Motor Credit Company LLC, v. Winchester Auto Retail, Inc.*, now before this Court at 13-CV-1214, are inextricably intertwined with the claims asserted by plaintiff in this action and therefore outside federal courts' subject matter jurisdiction except on later appeal from the New York Court of Appeals to the United States Supreme Court.  *See generally, Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77 (2nd Cir. 2005); *Wolf v. Town of Southampton,* 2013 WL 4679672 (E.D.N.Y. 2013).

Defendants Phillips Lytle and Leslie do not cite the *Rooker-Feldman* doctrine by name, or mention the Court's subject-matter jurisdiction, in their collateral-attack defense at paragraph 65 of their Answer, but since they raise collateral estoppel and res judicata as separate affirmative defenses, *see* Dkt. No. 35, ¶¶ 66, 67, a *Rooker-Feldman* bar to the action seems to be what they

3

allege.  Defendants are ordered to respond to plaintiff McCarthy's *Rooker-Feldman* filing on or before March 20, 2014, and shall include analysis of their own in support of the affirmative defense alleged at paragraph 65 of their Answer that the action is a collateral attack outside the Court's subject matter jurisdiction.  Further briefing and oral argument will be at the discretion of the Court.

**SO ORDERED.**

_Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

Dated: February 11, 2014