UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
KEVIN R. MCCARTHY, TRUSTEE FOR
WINCHESTER AUTO RETAIL, INC.,

        Plaintiff,

vs.                                         Civil Action No. **1:13-cv-01092-RJA**

PHILLIPS LYTLE, LLP and
CRAIG A. LESLIE, ESQ.,

        Defendants.
------------------------------------------------------

### **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**

The Plaintiff, Kevin R. McCarthy, Trustee for Winchester Auto Retail, Inc. (the "Trustee"), by and through his undersigned attorneys, for his response to the Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) (the "Motion"), filed by Phillips Lytle, LLP and Craig A. Leslie, Esq. (collectively, the "Defendants"), by counsel, in the captioned proceeding, states as follows:

### **Preliminary Statement**

This response is submitted to the Court to address the four (4) grounds of relief sought by the Defendants in the Motion: (1) the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine; (2) the action is barred under New York and federal law as an improper collateral attack on a prior "lawsuit"; (3) on the face of the complaint and as a matter of law, plaintiff cannot show the essential element of reliance on its second claim; and (4) the complaint fails to state a plausible claim on its face because it fails to plead fraud or deceit with particularity as required both under the Federal Rules of Civil Procedure and New York law. Two of those issues, the lack of subject matter

jurisdiction under the *Rooker-Feldman* doctrine and the bar of collateral estoppel, have been previously raised by the Court, in the first instance, and by the Defendants, in the second instance, and have been fully briefed by both the Trustee and the Defendants prior to the Motion. The Trustee concedes the third issue and acknowledges under applicable law that Winchester Auto could not have relied upon the false representations of the Defendants in their representation of Ford Motor Credit Company in its action commenced in Erie County for the recovery of the subject motor vehicle. However, for the reasons stated in both the earlier memoranda filed with the Court and as set forth below, with the exception of the above concession, the Motion must be denied.

I. **The *Rooker-Feldman* doctrine is not applicable to this proceeding and therefore does not deprive this Court of subject matter jurisdiction.**

The *Rooker-Feldman* doctrine is based on the principle that within the federal judicial system, only the U.S. Supreme Court may review state-court decisions. *Hoblock v. Albany Co. Bd. of Elections,* 422 F.3d 77, 85 (2d Cir. 2005). Prior to the U.S. Supreme Court decision in *Exxon Mobile Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) ("*Exxon Mobil*"), the Second Circuit Court of Appeals had applied the *Rooker-Feldman* doctrine "expansively", viewing it as effectively coextensive with the doctrines of claim and issue preclusion. *Id.* at 84 (citations omitted). In addition, prior to *Exxon Mobil,* the Second Circuit had held that the *Rooker-Feldman* doctrine applied to both final state court judgments and to interlocutory state court orders. *See Campbell v. Greisberger,* 80 F.3d 703, 707 (2d. Cir. 1996).

However, *Exxon Mobil* overturned the *Rooker-Feldman* standard as it had been interpreted by the Second Circuit Court of Appeals. *Hoblock,* 422 F.3d at 84-85 (stating that *Exxon Mobile* teaches that the expansive interpretation of the *Rooker-Feldman*

doctrine in *Moccio v. N.Y. State Office of Court Admin.,* 95 F.3d 195 (2d Cir. 1996) was "incorrect" and that the *Rooker-Feldman* doctrine and preclusion are "entirely separate doctrines"). While cautioning that the *Rooker-Feldman* doctrine is meant to occupy "narrow ground", the U.S. Supreme Court in *Exxon Mobil* held that the doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Green v. Mattingly,* 585 F.3d 97, 101 (2d Cir. 2009), *quoting Exxon Mobil,* 544 U.S. at 284, 125 S.Ct. at 1517. This limitation on the scope of the applicability of the *Rooker-Feldman* doctrine was affirmed by the U.S. Supreme Court in *Lance v. Dennis,* 546 U.S. 459, 463-66, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006). Since the decisions in *Exxon Mobil*, *Lance, Hoblock,* and *Green*, the District Courts of New York have consistently followed the guidance of those decisions. *See Graham v. City of New York,* 869 F.Supp. 2d 337, 347-48 (E.D.N.Y. 2012); *In re Dayton,* 786 F.Supp. 2d 809, 815-16 (S.D.N.Y. 2011); *Business Funding Group v. Dommer Constr. Corp.,* 2012 WL 1029464 at *2-*3 (W.D.N.Y. 2012).

As a result of the U.S. Supreme Court's guidance in *Exxon Mobil,* we know that there are four requirements that must be met for the application of the *Rooker-Feldman* doctrine by a federal district court. First, the federal court plaintiff must have lost in a state court. Second, the plaintiff must complain of injuries caused by a state court judgment. Third, the plaintiff must invite district court review and rejection of that state court judgment. Fourth, the state court judgment must have been rendered before the district court proceedings were commenced. *Hoblock,* 422 F.3d at 85 (*quoting Exxon*

*Mobil,* 544 U.S. at 284); *Green,* 585 F.3d at 101 (same); *Graham,* 869 F. Supp. 2d at 347 (*quoting Hoblock,* 422 F.3d at 85); *In re Dayton,* 786 F. Supp. 2d at 816 (*quoting Green,* 585 F.3d at 101); *Business Funding Group,* 2012 WL 1029464 at *2 (quoting *Hoblock*).

The term "inextricably intertwined" is not found in the standard established by the U.S. Supreme Court in *Exxon Mobil*. This term was used by the Supreme Court in *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S. Ct. 1303, 75 L.Ed.2d 206 (1983) to describe situations in which the district court was in essence being called upon to review the state-court decision. *Feldman,* 460 U.S. at 483-84 n.16, 103 S. Ct. 1303. Prior to *Exxon Mobil,* courts generally equated "inextricably intertwined" with circumstances what would be otherwise governed by principals of preclusion. *See Moccio,* 95 F.2d at 199-200. However, in light of the teachings of *Exxon Mobil,* it is now clear that the phrase "inextricably intertwined" is only a "descriptive label attached to claims that meet the requirements outlined in *Exxon Mobil*." *Hoblock,* 422 F.3d at 86-87. As a result, in essence, a federal action is "inextricably intertwined" with a state court judgment for purposes of the *Rooker-Feldman* doctrine when the federal action "asserts an injury based on a state judgment and seeks review and reversal of that judgment. *Hoblock,* 422 F.3d at 86-87; *see also, Lance,* 546 U.S. at 466 ("*Rooker-Feldman* is not simply preclusion by another name…[t]he doctrine applies only in limited circumstances…where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court.").

*Exxon Mobil* also instructs that the *Rooker-Feldman* doctrine applies only to cases in which the losing party files a federal action "after the state proceedings ended." *Glatzer v. Barone,* 614 F.Supp 2d. 450, 466 (S.D.N.Y. 2009)(*quoting Exxon Mobil,* 544

U.S. at 291, 125 S.Ct. 1517). The uniform, consistent use of the term "judgment" rather than "ruling" or "order" by the U.S. Supreme Court in both *Exxon Mobil* and *Lance* reflects such a standard. Indeed, the U.S. Supreme Court in the *Lance* decision states that "under what has become known as the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over <u>final</u> state-court judgments." *Lance,* 546 U.S. at 463 (<u>emphasis</u> added).

The application of the four requirements that must be met for the application of the *Rooker-Feldman* doctrine in this case is not difficult and leads to the conclusion that the doctrine does not apply in this proceeding. Did the Trustee (as the successor in interest to Winchester Auto) lose in state court? Yes, in the limited sense that Winchester Auto sought to add the Defendants to the state court proceeding begun in the Supreme Court of Niagara County, New York, and that request was denied by the Supreme Court of Erie County, New York (the "Erie Court"). Does this action complain of injuries caused by the Erie Court? No, because the Defendants were never even made defendants in the earlier state court action, unlike in this proceeding. In fact, the Erie Court never made any determination on the merits of the causes of action asserted by the Trustee in this proceeding. As a result, there is no relevance of any event in the Erie Court proceeding to the *Rooker-Feldman* doctrine's application to the Court's subject matter jurisdiction in this proceeding. Does the Trustee invite this Court to review and reject the Erie Court decision to deny the request to add the Defendants as defendants in that state court action? The answer to this question is also in the negative for three reasons. First, there was no judgment entered in the state court action; second, the order entered denying

adding the Defendants to the state court action was not final; and third, in this Action the Trustee is not seeking to add the Defendants to the Erie Court proceeding.

As noted above, the U.S. Supreme Court has consistently used the term "judgment" rather than "ruling" or "order" in its application of the *Rooker-Feldman* doctrine. The Defendants' arguments consistently overlook that significant distinction in terms. Second, the order entered by the Erie Court denying the addition of the Defendants as party defendants in the state court action was not final at the commencement of this action and remains in that posture today. Had a final judgment been entered by the Erie Court, then Winchester Auto would not have had an appeal of right of the order of the Erie Court to the Appellate Court. *Glassman v. Prohealth Ambulatory Surgery Center, Inc.,* 96 A.D. 3d 799, 800 (N.Y. App. Div. 2012) (holding that the right of direct appeal of an intermediate order to the Appellate Court is terminated with the entry of the judgment in the action); *State of New York v. Westchester Joint Water Works,* 17 A.D.3d 665 (N.Y. App. Div. 2005) (same). As the Trustee, pointed out in his response to the Defendants' earlier memorandum [Docket Entry No. 46], the appeal of the decision of the Erie Court to deny the addition of the Defendants as defendants in that action remained pending until well after the commencement of this Proceeding. Thus, the second requirement is not applicable to this proceeding because no "judgment" was entered by the Erie Court. Finally, the Trustee chose to file a separate suit against the Defendants (this Action) and no longer seeks to add them in the prior Erie Court case.

II.     **The doctrine of collateral estoppel is not applicable to this proceeding.**

The Defendants are also incorrect in asserting that the doctrine of collateral estoppel bars the claims asserted by the Plaintiff against the Defendants in this

6

proceeding. Collateral estoppel, or issue preclusion, bars the relitigation of an issue (as distinguished from the action or claim) which was actually and necessarily previously decided in a prior proceeding. *Lewis v. City of New York,* 844 N.Y.S.2d 650, 655 (2007) (citing *Ryan v. N.Y. Telephone,* 62 N.Y.2d 494, 478 (1984)). In order to invoke collateral estoppel the following elements must be established: (1) an identity of an issue which was necessarily decided in the prior action, and (2) a full and fair opportunity by the party against whom collateral estoppel is being invoked to have contested the issue. *Lewis,* 844 N.Y.S.2d at 655 (citing *Allied Chemical v. Niagara Mohawk Power,* 72 N.Y.2d 271 (1988). In applying this doctrine, because the goal is to avoid duplicative decisions on the same question, the emphasis is on the identity of the issue. *Lewis,* 844 N.Y.S.2d at 655. As a result, the issue must be identical for the doctrine to apply and it is the party seeking the benefit of the doctrine to demonstrate that such identical issue was in fact decided by a prior determination. *Id. at* 656.

Again, the Defendants do not distinguish between an interlocutory order and a "judgment". The *Seldon* case, as well as the other cases cited by the Defendants, each stand for the proposition, as the quotes included in Defendants' brief correctly show, that collateral estoppel and the rule against seeking damages against opposing counsel arise when there has been a separate "judgment" entered in a separate proceeding. *See, e.g., Seldon v. Bernstein,* 503 F. App'x 32, 32-33 (2d Cir. 2012), *quoting Specialized Ind. Servs. Corp. v. Carter,* 68 A.D.3d 750, 751, 890 N.Y.S. 90, 92 (2d Dep't 2009) ("a party who has lost a case as a result of alleged fraud or false testimony cannot collaterally attack the <u>judgment</u> in a separate action…") (<u>emphasis</u> added). Because there has been no judgment, the doctrine of collateral estoppel does not apply to this proceeding.

Nor is the issue in this proceeding the same issue decided by the Erie Court. Whether Winchester Auto should have been granted the procedural relief by the Erie Court of adding the Defendants to the action pending against FMCC is not the same issue as this Court ruling on the merits of whether the Trustee the valid causes of action he has asserted against the Defendants in this proceeding.

**III.     The claims asserted by the Trustee on behalf of Winchester Auto are supported by both the facts of the case and applicable law.**

The standard of review for granting a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(c) is identical to the standard of review for granting a motion for failure to state a claim under Rule 12(b)(6). *Patel v. Contemporary Classics of Beverly Hills,* 259 F.3d 123, 126 (2d Cir. 2001). As a result, in deciding a motion under Rule 12(c), the court must accept all factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Id.* On that basis, the court must then determine whether the allegations set out in the complaint will allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Thales Alenia Space France v. Thermo Funding Co., LLC,* 959 F. Supp. 2d 459, 463-64 (S.D.N.Y. 2013). A complaint may proceed even if it appears from the pleadings that "a recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556, 127 S. Ct. 1955, 1966, 167 L.Ed.2d 929 (2007), *quoting Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

The Defendants argue that the Affidavits filed with the Erie Court in support of their client, Ford Motor Credit Company ("FMCC"), were nothing more than "zealous advocacy". However, this argument ignores the Defendants' duty under the then-applicable New York Code of Professional Responsibility DR 7-102(a)(3) to "disclose

crucial information to a tribunal." *Melcher v. Greenberg Traurig, LLP,* 102 A.D.3d 497, 500 (1st Dept. 2013) ("An attorney's withholding of crucial information from a court falls within the proscription of Judiciary Law § 487.") Furthermore, an attorney's concealment of a fact the attorney is required to by law to disclose is "tantamount to the assertion of a false material fact." *Id; see also, Schindler v. Issler & Schrage, P.C.,* 262 A.D.2d 226, 229 (1st Dept. 1999) ("It is well settled that when there is a duty to speak, silence may very well constitute fraudulent concealment…which is itself the equivalent of affirmative misrepresentations of fact."); *St. John's Univ. v. Bolton,* 757 F. Supp. 2d 144, 174-75 (E.D.N.Y 2010) (same).

CPRL 7102(c)(6) requires that the application for an order of seizure be supported by an affidavit that must state "that no defense to the claim is known to the plaintiff." The Trustee asserts that this standard was not met by the affidavits prepared and submitted by the Defendants. As reflected in Exhibit F to the Complaint [Docket Entry No. 10-5], the Affidavit filed by Defendant Craig A. Leslie, Esq. ("Mr. Leslie"), his only reference to any defense of any party to the claim of FMCC to the vehicles at issue, including the claims of Winchester Auto, was as follows:

> 2. As outlined in the accompanying affidavit from Mr. Kiesman, Ford Credit has reason to believe that vehicles that were sold out of trust by defendant McCarthy Ford may now be located on a storage lot in Niagara County.

This statement never mentions any defenses of any other party, including Winchester Auto. Nor does Mr. Leslie make any statement of there being "no defenses to" FMCC's claim to the vehicles. CPLR 7102(c)(6) requires substantially more.

The Affidavit of Kenneth Kiesman [Docket Entry No. 10-4], prepared by the Defendants in their role as counsel for FMCC, is only a slight improvement over Mr.

9

Leslie's Affidavit. The only reference to any party with any other interest in the subject vehicles or with a defense to the relief being requested by FMCC is found on page 3 of that affidavit, where Mr. Kiesman states:

> 12. I was also able to identify the purported sales records for the above vehicles from among the documents obtained from McCarthy Ford. Review of those documents revealed that none of the documents confirming the sales were actually signed by the purchasers and that they were otherwise incomplete.
>
> 13. Each of the vehicles listed above was purportedly sold to either Winchester Auto Retail, Inc. ("Winchester Auto") or MPDK, LLC d/b/a Adobe Car and Van Rental ("Adobe"). Sample purchase agreements for three (3) of the vehicles reflecting these purported sales are attached as Exhibit B.

As with Mr. Leslie's Affidavit, there is no mention of any defense of Winchester Auto to the relief that the Defendants were seeking on behalf of FMCC. The failure of the Defendants to make the required disclosures is especially egregious, as the Trustee alleges in paragraphs 19 through 21 of the Complaint, in light of the Defendants' letter requesting information on the subject vehicles [Docket Entry No. 10-2] and in light of the information provided in the letter to the Defendants from Mr. Oliverio [Docket Entry No. 10-3]. Finally, the context of the Defendants' failure to comply with the requirements of CPLR 7102(c)(6) heightens the egregious nature of the non-disclosure. As the Trustee alleges in paragraphs 5 and 16 of the Complaint, the Defendants represented themselves to the world as experts in auto dealership foreclosure. Under those circumstances and as the Trustee has alleged in the Complaint, the Defendants most certainly knew or should have known of their responsibilities under CPLR 7102(c)(6) as they prepared and summited the Affidavits to the Erie Court.

The Defendants failed to disclose information required by CPLR 7102(c)(6), information that was crucial to the Erie Court's determination of whether FMCC was entitled to seize the subject vehicles. The Defendants' silence is a violation of the proscription of Judiciary Law § 487 and is "tantamount to the assertion of a false material fact to the Erie Court. The Trustee has met the "well pleaded complaint" requirement of the Rules.

### Conclusion

For all of the reasons stated herein, the Trustee requests that the Court find and conclude that the Motion is not well-founded, except as to the Second Cause of Action, otherwise deny the Motion with prejudice, grant judgment on the pleadings on the question of the Defendants' violation of Judiciary Law § 487, and grant such other and further relief as is just.

Date: June 27, 2014
/s/ William E. Callahan, Jr.
William E. Callahan, Jr.
LeClairRyan, A Professional Corporation
1800 Wells Fargo Tower, Drawer 1200
Roanoke, VA 24006-1200
Telephone: (540) 777-3068
Email: william.callahan@leclairryan.com

Attorneys for Trustee